| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>NATALIA GAYVORONSKAYA,<br>NATALIA FILVARKIN,<br>HAYNA ZVARYCH,<br>GRIGORY FIALKO,<br>YELIZABETA FIALKO,<br>IGOR SOLOVYEV, and<br>VERA BRODSKY<br><br>                             Plaintiffs,<br><br>   - against –<br><br><br>AMERICARE, INC.,<br><br>                             Defendant. | Docket No.: 15-cv-06641(DLI)(SJB)<br><br><br>SETTLEMENT AGREEMENT |

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, the plaintiffs in the above-captioned matter filed suit in this action against Defendant Americare, Inc. ("Defendant") alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") with respect to the payment of Plaintiffs' wages, including overtime and other wage regulations;

**WHEREAS**, Defendant has denied Plaintiffs' allegations, and has contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS,** on February 19, 2019, Magistrate Judge Sanket J. Bulsara issued a report and recommendation dismissing Plaintiff Igor Solovyev's claims with prejudice;

**WHEREAS**, the Plaintiffs Natalia Gayvoronskaya, Natalia Filvarkin, Hayna Zvarych, Grigory Fialko, Yelizabeta Fialko, and Vera Brodsky (collectively "Settling Plaintiffs") and Defendant (hereafter collectively referred to as the "Parties") desire to fully and finally resolve

1

and settle in full all claims that the Settling Plaintiffs have against Defendant, or may have against Defendant, arising under the FLSA, NYLL, and any other statute or ordinance governing the payment of wages or other financial remuneration that might be due to the Settling Plaintiffs due to their employment by Defendant by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendant's counsel of record in the Action have negotiated extensively and in good faith, and attended a mediation as well as a settlement conference before the Court, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to the Settling Plaintiffs by Defendant of the amount of Fifty-Four Thousand Dollars and Zero Cents ($54,000.00) (the "Settlement Amount"), as allocated below, to which the Settling Plaintiffs are not otherwise entitled, the Settling Plaintiffs hereby release and forever discharge Defendant as well as its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendant, deemed by the Settling Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendant's parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are

hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of retaliation, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to the Settling Plaintiffs under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which the Settling Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.  Defendant shall issue a single payment to Settling Plaintiffs' counsel, issued as a 1099 payment, and each Settling Plaintiff shall be entitled to the sum of $6,000 from that amount with the balance $18,000 to be paid from the settlement proceeds to Settling Plaintiffs' counsel as his sole and exclusive compensation for attorneys' fees and costs associated with his representation of the Settling Plaintiffs in this matter.

2. Provided that: (1) each of the Settling Plaintiffs has executed this Agreement; (2) Defendant's counsel receives: (i) this Agreement, fully executed and signed by each Remaining Plaintiff before a notary; (ii) an IRS W-9 form executed by Plaintiffs' counsel for the settlement proceeds being released to Plaintiffs' counsel; and (iii) the Stipulation of Dismissal, in the form attached as "Exhibit 1," executed by Plaintiffs' counsel; and (3) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid and delivered to David Feinerman, Esq., Law Office of David Feinerman, 2765 Coney Island

Avenue, 2nd Floor, Brooklyn, NY 11235, within twenty (20) days' of the Court's approval of this Agreement, in the form of a single check made payable to Plaintiffs' counsel.

3. Defendant may issue an IRS form 1099 to Plaintiffs' counsel reflecting the settlement payment. The foregoing IRS 1099 form(s) shall designate in box 14 that any and all amounts paid are "Gross proceeds paid to an attorney." The Settling Plaintiffs agree to hold Releasees harmless, and indemnify Releasees from any payments Releasees may be required to make to any taxing authority resulting from the payment of the Settlement Amount, the issuance of a form 1099, or as a result of the Settling Plaintiffs' failure to pay any taxes related to said income.

4. The release given by the Settling Plaintiffs herein shall become fully effective and binding execution of a fully-signed agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal.

5. Settling Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendant and Releasees, both individually and in their/its official capacities, that concern violations or allegations of retaliation or unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Settling Plaintiffs under the FLSA, the NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of the Settling Plaintiffs, the Settling Plaintiffs will execute

such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Settling Plaintiffs (or any one of them) file a charge against Defendant, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Settling Plaintiffs acknowledge that this Agreement shall bar them from receiving monetary compensation in connection therewith.

6. Settling Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement from Defendant. Settling Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

7. Settling Plaintiffs acknowledge that, upon payment by Defendant of all the sums payable under this Agreement, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

8. Although nothing prohibits any Remaining Plaintiff from seeking future employment with Defendant, the Settling Plaintiffs understand and agree that Defendant's decision not to extend any future offer of employment to any Remaining Plaintiff shall not constitute unlawful retaliation in violation of the FLSA, the NYLL, or any other statute or any other law, regulation, or ordinance regulating the payment of wages and prohibiting retaliation in response to complaints regarding same, for having participated in the Action.

9. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendant or Releasees, their affiliates, subsidiaries, predecessors,

successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendant or Releasees for any purpose, unless required by law. Provided, however, that this paragraph shall not limit, obstruct or otherwise impede Settling Plaintiffs from enforcing this Agreement.

10. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief, subject to the approval of the Court. In that event, the non-breaching party will be entitled to an injunction, subject to the approval of the Court, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

11. Plaintiffs acknowledge that this Agreement does not constitute an admission by Defendant of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendant that Settling Plaintiffs' claims have merit. In fact, Settling Plaintiffs acknowledge that Defendant explicitly refutes and denies any claims of wrongdoing.

12. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13. Settling Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Settling Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Settling Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them or on their behalf.

14. Settling Plaintiffs and Defendant are competent to enter into this Agreement. Settling Plaintiffs and Defendant are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Settling Plaintiffs and Defendant are not a party (or parties) to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release any claims to the extent any such release is given herein, both known and unknown, pursuant to this Agreement and/or to fulfill their obligations hereunder.

15. All parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendant and/or Settling Plaintiffs to execute this Agreement.

16. This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Action and the release of Settling Plaintiffs' claims contained herein.

17. The Parties agree that they shall execute, or cause their counsel to execute, any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit 1."

18. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

19. This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court.

20. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce this Agreement.

21. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendant, Kevin J. O'Connor, Esq. and Shannon D. Azzaro, Esq., Peckar & Abramson, P.C., 70 Grand Avenue, River Edge, New Jersey 07661; (201) 343-3434; facsimile (201) 343-6306; KOConnor@pecklaw.com and sazzaro@pecklaw.com, and counsel for Plaintiffs, David Feinerman, Esq., Law Office of David Feinerman, 2765 Coney Island Avenue, 2nd Floor, Brooklyn, NY 11235; (718) 646-4800; facsimile (718) 646-5770; esqdaf@aol.com.

22. Settling Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Settling Plaintiffs further represent that they have been provided the opportunity to review this Agreement. Settling

Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Settling Plaintiffs and Defendant have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
AMERICARE, INC.
By:
Title:
Date:

**[INTENTIONALLY LEFT BLANK]**

_____
DAVID FEINERMAN, ESQ.
As to Paragraph 1 Only
Date:


_____
NATALIA GAYVORONSKAYA


Date of Birth

01/04/1962.

Address

135 AveP, # E1
Brooklyn, NY 11204


STATE OF NEW YORK      }
                       }S.S.
COUNTY OF __Kings__    }

On __4/11__, 2019, before me personally came NATALIA GAYVORONSKAYA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified in Kings County
Commission Expires 08/18/2021

10

_____
NATALIA FILVARKIV

Date of Birth

08. 09. 1973

Address

1415 Avenue O
Brooklyn, NY 11230

STATE OF NEW YORK }
COUNTY OF Kings } S.S.

On 4/11, 2019, before me personally came NATALIA FILVARKIV, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified in Kings County
Commission Expires 08/18/2021

11

_/s/ H Zvarych_
HALYNA ZVARYCH

Date of Birth

04.12.1969.

Address

6402 24 Ave, #C8
Brooklyn, NY 11204

STATE OF NEW YORK     }
                      }S.S.
COUNTY OF Kings       }

On __4/11__, 2019, before me personally came HALYNA ZVARYCH, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified In Kings County
Commission Expires 08/18/2021

12

_____
GRIGORY FIALKO

Date of Birth

_01. 13. 1955_____

Address

_48 Goodall street_
_Staten Island, NY 10308_

STATE OF NEW YORK    }
COUNTY OF _Kings_____ }S.S.
                     }

On _4/15_, 2019, before me personally came GRIGORY FIALKO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified in Kings County
Commission Expires 08/18/2021

13

_V. Brodsky_
_____
VERA BRODSKY

Date of Birth

11.18.1954.
_____

Address

1835 83 street, #5D
Brooklyn, NY 11214
_____

STATE OF NEW YORK      }
                       } S.S.
COUNTY OF New York     }

On 4/11, 2019, before me personally came VERA BRODSKY, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified in Kings County
Commission Expires 08/18/2021

14

_____
YELIZABETA FIALKO

Date of Birth

01/29/1956.

Address

48 Goodall Street
Staten Island. N.Y. 10308

STATE OF NEW YORK      }
                       }S.S.
COUNTY OF Kings.       }

On 4/26, 2019, before me personally came YELIZABETA FIALKO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TAMILLA DOVMAN
Notary Public, State of New York
Reg. No. 01D05083598
Qualified in Kings County
Commission Expires 08/18/2021

15